**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

GARY DEWAYNE WEBER                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 3:15-CV-573-JHM

LOUISVILLE METRO POLICE DEP'T *et al.*                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Gary Dewayne Weber, filed a *pro se*, *in forma pauperis* complaint (DN 1).

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed.

## I.  SUMMARY OF CLAIMS

Plaintiff filed the complaint on a general complaint form naming as Defendants the

Louisville Metro Police Department and the Carrollton Police Department in Carrollton, Kentucky.

As grounds for filing suit in federal court, Plaintiff states as follows:

> These Department got police men & women calling me "racial" names",! they pick "fight" on & off work hang around my House they have spit in my hair, stold my mopad & sold it with out the "Judge's consent."  they also hang out were I work at or try to work but I get fired because of them.

Plaintiff states his claims as follows:

> These Department Have been trying to kill me and play as or like they hered some story about me from town too, town & there is two police men as I know trying to lie like I did something and try to say that, I did something when they know I didn't & these, office are in to different towns too, but some office told me that Carrollton Kentucky fired them & office from that town never to work there again because of of the "heinous" crimes the officer "commited" they also not aloud to do police business from what ever county there from and go to Carrollton because Carrollton fired for there Heinous crime but I don't talk to people like when the Police cheif from Carrollton went to the neighboring Drug store And tried to black mail the store owner.  I guess for old time sake?  To replace the pills that the police chief Had eated! but you can quote!  I'm trying to sponge my record & these office's from this Department police station from 4 different town keep lieing on me Also there are

false crimes on my record and they don't won't to take them off!  I seen 2 crime on my record that I did not commit and I like them scientific look at please![1]

In the prayer for relief portion of the complaint, Plaintiff requests the following:

That there well restrainting oder's on 30# police office and 3 Judges and 4 lawers in "Jefferson County Kentucky" "Carrollton Kentucky" Bless let me identify the office and please tell me when you can do this because,! because I wont the people in that Job to live me and any one How wont to live a normal life a lone! sparg my record!

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations.  *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty. Tenn.*,

---

[1] A portion of this recitation is taken from the exhibit to Plaintiff's complaint since it appears that it is a continuation of Plaintiff's statement of his claims.

220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.[2]

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[2] The Court notes that Plaintiff has filed two other actions in this Court making allegations similar to those in the present action. Both of those cases have been dismissed pursuant to Fed. R. Civ. P. 8(a) for failure to meet the notice-pleading standard. *See Weber v. Metro Police Dep't Louisville, Ky.*, No. 3:14CV-715-DJH; *Weber v. Louisville Metro Police Dep't*, No. 3:14CV-315-S.

## III. <u>CONCLUSION</u>

Having failed to meet the notice-pleading standard and having failed to state a claim, this action will be dismissed by separate Order pursuant to Fed. R. Civ. P. 8(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Date: October 22, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.003

4